IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SRI ENERGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>RENEWABLE ENERGY ALTERNATIVES LLC; MEDTRONIC PUERTO RICO OPERATIONS COMPANY; JOAQUIN ALTENBERG; CLEAN ENERGY NEXUS LLC; CLEAN ENERGY NEXUS PR LLC; CEN JUNCOS SOLAR, LLC; CEN JUNCOS SOLAR II, LLC; CEN PR SOLAR II, LLC; XYZ INSURANCE COMPANY; AND ABC INSURANCE COMPANY,<br><br>Defendants. | Case No. 25-CV-1400-ADC |

**DEFENDANTS' JOINT MOTION TO STAY
PRELIMINARY INJUNCTION DEADLINES**

TO THE HONORABLE COURT:

COME NOW, Defendant Medtronic Puerto Rico Operations Company ("Defendant Medtronic") and Defendants Renewable Energy Alternatives LLC, CEN Juncos Solar, LLC, and CEN Juncos Solar II, LLC (collectively "the REA Defendants"), appearing through their respective undersigned counsel, pray and state as follows:

1. Defendant Medtronic and the REA Defendants respectfully move the Court to exercise its inherent power and stay the current deadlines concerning Plaintiff SRI Energy LLC's request for a preliminary injunction (ECF No. 35) until after resolution of Defendant Medtronic's and the REA Defendants' pending motions to dismiss (ECF Nos. 36-37.). Staying the current deadlines would promote judicial economy, conserve judicial and party resources, and ultimately result in the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

**Background**

2.   In early 2019, Plaintiff SRI Energy LLC ("SRI") entered into a contract with Defendant Clean Energy Nexus LLC ("CEN") concerning the development of certain solar energy production projects, including one in Puerto Rico. According to SRI, CEN breached this contract when it failed to pay SRI required milestone payments. SRI sued CEN in the U.S. District Court for the Southern District of New York in December 2022 and obtained a default judgment in 2024. But apparently, SRI has not been able to collect on this judgment.

3.   Years after filing the New York suit, on July 30, 2025, SRI filed this current action against Defendant Medtronic and the REA Defendants—parties with whom it has no contractual relationship—seeking money damages arising out of CEN's breach of contract. (ECF No. 1.) In addition to seeking monetary damages, SRI's complaint also purports to seek "immediate emergency relief in the form of a Preliminary Injunction." (Compl. ¶ 116.)

4.   SRI did not file any motion for a preliminary injunction. Nor did SRI file a memorandum of law (providing the bases for such a request) or a proposed order (detailing the scope of any such injunction). Accordingly, it is unclear what injunctive relief SRI actually requests. Based on the complaint, SRI appears to intend to seek a court order "shuttering" the 5-megawatt solar array that currently supplies electricity to Medtronic's medical device manufacturing facility in Juncos, including the "[i]mmediate cessation of all electricity generation" and "storage of electricity" from the solar array until SRI's monetary damages are paid. (Compl. ¶ 116(a) and (c).)

5.   Despite seeking "immediate emergency relief," and even though the clerk had issued Summonses the same day SRI filed the complaint (ECF No. 3), SRI did not serve Defendant Medtronic or the REA Defendants until August 13, 2025 (ECF Nos. 8-11), nearly two weeks after

2

filing the complaint. SRI also did not file a motion for a temporary restraining order, which (in cases of true emergencies) would have allowed the Court to grant *ex parte* relief. *See* Fed. R. Civ. P. 65(b).

6. Even now, six weeks since it filed suit, SRI still has not served all Defendants. Last week, on September 3, 2025, SRI filed a motion for permission to serve certain Defendants—specifically, Clean Energy Nexus LLC, Clean Energy Nexus PR LLC, CEN PR Solar II LLC, and Joaquin Altenberg—by publication. (ECF No. 21.) The Court granted the motion on September 10, 2025 (ECF No. 34), but publication has not yet occurred.

7. On August 28, 2025, Defendant Medtronic filed a motion for a brief extension of time to respond to SRI's complaint (ECF No. 17), and the REA Defendants filed a similar motion on September 2, 2025 (ECF No. 20). SRI did not oppose either extension motion, and the Court granted the extension requests, making Defendants' response deadlines September 17, 2025 (ECF Nos. 22, 30).

8. On September 10, 2025, the Court *sua sponte* issued an order concerning SRI's request for a preliminary injunction, setting forth the following expedited deadlines (ECF No. 35):

- Defendants' opposition briefs are due **September 17, 2025**;
- Plaintiff's reply brief (if any) is due **September 27, 2025**;
- Meet-and-confer concerning documentary evidence due **October 4, 2025**;
- Witness Lists and Stipulated Facts due **October 11, 2025**; and
- In-Person Preliminary Injunction Hearing on **October 16-17, 2025**.

9. On September 11, 2025—nearly a week before their responses are due—Defendant Medtronic and the REA Defendants filed their respective motions to dismiss, seeking an order to dismiss SRI's claims against them with prejudice for failure to state a claim (ECF Nos. 36 and 37).

**Argument**

10. It is well established that "'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants.'" *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 335 F. Supp. 3d 256, 262 (D.P.R. 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In other words, district courts have the "discretionary power to stay an action in the interest of justice and efficiency." *Total Petroleum Puerto Rico Corp. v. T.C. Oil, Corp.*, No. 09-cv-1105 (JP), 2010 WL 11545626, at *1 (D.P.R. May 7, 2010). "When and how to stay proceedings is within the sound discretion of the trial court." *Id.* And in exercising its sound discretion, courts "must balance the equities considering the potential prejudice that it may entail each party." *In re Financial Oversight*, 335 F. Supp. 3d at 262 (quotation marks omitted).

11. Here, to conserve judicial and party resources, the Court should stay the expedited deadlines concerning SRI's procedurally defective request for a preliminary injunction until after resolution of Defendants' pending motions to dismiss. *See Walsh Constr. Co. Puerto Rico v. United Sur. & Indem. Co.*, No. 12-cv-1401 (SEC), 2015 WL 13548470, at *3 (D.P.R. Sept. 28, 2015) (recognizing that a "properly granted stay operates as an invaluable tool to conserve party and judicial resources" (quotation marks omitted)). A stay is warranted in this case for several reasons.

12. ***First***, as a threshold matter, the Court should stay its deadlines because SRI has not yet filed a procedurally proper motion. In fact, SRI has not filed any motion at all. District of Puerto Rico Local Civil Rule 65 states that "[a]ny *motion* for a temporary restraining order or preliminary injunction *shall be accompanied by a proposed order*." (Emphasis added.) And Local Civil Rule 7(a) provides that, unless otherwise permitted, "all matters to be submitted for

consideration by the court *shall be presented by written motion* filed with the clerk, incorporating a memorandum of law as appropriate, including citations and supporting authorities." (Emphasis added). SRI has followed none of these rules: It did not file a "written motion" for a preliminary injunction; it failed to file any "memorandum of law;" and it did not include with its request "a proposed order."

13.     To be clear, SRI is not merely guilty of a technical rule violation. Its failure to follow the rules is prejudicial because it has deprived Defendants of adequate notice. *See* Fed. R. Civ. P. 65(a)(1) (providing that the court "may issue a preliminary injunction only on notice to the adverse party"). Because SRI failed to submit any motion or memorandum of law or file a proposed order, Defendants are left in the dark about the nature and scope of SRI's requested injunction, including what relief is requested specific to each of the very differently situated Defendants. For example, is SRI seriously asking the Court to issue an order, shutting down (or "shuttering," to use SRI's vague terminology) a 5-megawatt solar array that is a current power source for Medtronic's medical device manufacturing facility? (Compl. ¶ 116). And because SRI did not file a memorandum of law, Defendants must guess as to the grounds for SRI's requested injunction.

14.     That SRI has not yet served all Defendants, whether by publication or otherwise, is also concerning. (*See* ECF No. 34 (granting SRI's motion to serve certain Defendants by publication)). In part because SRI did not follow local rules, it is unclear whether SRI's requested preliminary injunction affects the rights of not-yet-served Defendants. But if it does, Federal Rule 65, requiring notice to adverse parties, provides yet another reason to stay the current preliminary injunction deadlines until all Defendants have been served and given a reasonable opportunity to evaluate and respond to the claims and request for injunctive relief.

5

15.     This situation is not without precedent. In another case in this District—*E. Moran Inc. v. TomGal LLC*—Judge Delgado-Colon *sua sponte* rejected a plaintiff's attempt to seek a preliminary injunction by merely filing a complaint. (*See* Case No. 22-cv-1647 (ADC/GLS), ECF No. 5.) Judge Delgado-Colon then ordered him to "file his request for preliminary injunction in compliance with Loc. Cv. R. 65 as a separate motion, including a memorandum of law and a proposed order, in compliance with this Court's Local Civil Rules." (*Id.*). This Court should require SRI to do the same—file a motion, memorandum of law, and proposed order—and stay the current preliminary injunction deadlines until it has ruled on Defendants' pending motions to dismiss or, at a minimum, until SRI has served all Defendants with a procedurally proper motion.

16.     **Second**, separate and apart from SRI's violation of local rules, the Court should stay the current preliminary injunction deadlines until after it has reviewed and ruled on Defendants' pending motions to dismiss. As explained in Defendants' motions to dismiss briefs (ECF Nos. 36 and 37), the Court can readily adjudicate SRI's claims without having to consider additional documentary evidence, hear from witnesses, or preside over a multi-day evidentiary hearing. The claim can (and should) be dismissed with prejudice on the papers because, even accepting all of SRI's non-conclusory allegations as true (and giving SRI the benefit of all reasonable inferences), SRI simply does not state any claim for relief under any viable legal theory. *See Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008).

17.     All of SRI's claims against Defendant Medtronic are barred by Puerto Rico's one-year statute of limitations, as are all of SRI's non-contract claims against the REA Defendants. *See Rivera-Torres v. Castillo*, 109 F. Supp. 3d 477, 481 (D.P.R. 2015) (dismissing the plaintiff's claims as untimely on a Rule 12 motion). SRI cannot assert contract claims against either Defendant Medtronic or the REA Defendants because neither were parties to the contract that was

6

allegedly breached. *See Dennis, Metro Invs. V. City Fed. Savs.*, 21 P.R. Offic. Trans. 186, 201 (1988) ("Actions *ex contractu* . . . can only be prosecuted by either party to the contract against the other." (quotation marks omitted)). And apparently aware that the REA Defendants are not parties to SRI and CEN's contract, SRI attempts to hold them liable under successor liability and alter ego theories, but these claims, like all the rest, fall woefully short of what the applicable law requires, as explained in the REA Defendants' motion to dismiss. (*See* ECF No. 37.).

18. Resolving these threshold questions concerning the timeliness and sufficiency of SRI's pleadings would conserve judicial and party resources, as it may obviate entirely the need for any additional briefing, exchanges of evidence, and any in-person, multi-day hearing. *See Walsh Construction*, 2015 WL 13548470, at *3 (finding that a stay can be "an invaluable tool to conserve party and judicial resources" (quotation marks omitted)).

19. **Third,** the balance of equities strongly favors staying the preliminary injunction deadlines. On the one hand, for the reasons stated above, granting the stay would conserve judicial and party resources. On the other hand, SRI would suffer no prejudice from the stay. Despite seeking "immediate emergency relief" in its complaint (Compl. ¶ 116), SRI's conduct, both in this action and in the years leading up to this action, belies any notion that a true emergency exists.

20. For starters, SRI did not file a motion for a temporary restraining order, which could have allowed it to seek and obtain *ex parte* relief. Next, although the clerk issued Summonses immediately, SRI waited nearly two weeks before serving Defendant Medtronic and the REA Defendants (ECF No. 8-11). SRI waited even longer to seek permission to serve the remaining Defendants through publication (ECF No. 21). And SRI did not oppose Defendant Medtronic's and the REA Defendants' motions for extensions of time to respond (ECF Nos. 17 and 20). The Court thus can readily infer from SRI's litigation conduct that "[it] has little interest in vindicating

whatever right [it] may have." *Zavala-Santiago v. González-Rivera*, 553 F.2d 710, 713 (1st Cir. 1977); *see also Fed. Deposit Ins. Corp. v. Almeida-Leon*, No. 18-cv-1960 (FAB), 2019 WL 718999, at *5 (D.P.R. Feb. 19, 2019) ("Delay between the institution of an action and the filing of a motion for a preliminary injunction, not attributable to intervening events, detracts from the movant's claim of irreparable harm." (quotation marks omitted)).

21.     SRI's lack of diligence in seeking relief of any kind is *even more* evident from SRI's pre-suit conduct. As explained in the pending motions to dismiss, the core grievances underlying SRI's complaint all occurred more than five years ago—first, in 2019 (when CEN allegedly transferred the solar project to REA without SRI's consent) and again in 2020, when CEN and/or REA allegedly failed to pay SRI the final installment payment. (*See* Compl. ¶¶ 31, 62-65). SRI sued CEN in 2022, but did not seek any relief against Defendant Medtronic or the REA Defendants until three years later in July 2025—and then only after it apparently could not collect damages from CEN. Not only do these undisputed facts establish that SRI's claims against Defendant Medtronic and the REA Defendants are facially time barred, they also undermine any suggestion that SRI is facing irreparable harm such that its request for a preliminary injunction must be decided immediately and before threshold questions concerning the legal sufficiency of its complaint.

22.     Lastly, the core of SRI's complaint (like its prior New York complaint), seeks monetary damages—specifically, the money that it is allegedly owed by CEN pursuant to its alleged 2020 breach of the SRI-CEN contract. Because SRI's injuries can plainly and fully be redressed by a monetary award (including an award of prejudgment interest if warranted), SRI would not suffer any prejudice from a stay of the current preliminary injunction deadlines. *Cf.*

*Ginzburg v. Martinez-Davila*, 368 F. Supp. 3d 343, 348 (D.P.R. 2019) ("[T]he general rule is if there is an adequate remedy at law, equitable relief is unavailable." (quotation marks omitted)).

\* \* \* \* \*

**WHEREFORE**, Defendants Medtronic Puerto Rico Operations Company, Renewable Energy Alternatives LLC, CEN Juncos Solar, LLC, and CEN Juncos Solar II, LLC respectfully request that the Court grant their Joint Motion to Stay Its Preliminary Injunction Deadlines (ECF No. 35) until after it resolves Defendants' respective motions to dismiss or, alternatively, until after Plaintiff SRI Energy LLC serves all Defendants with a motion that complies with the District's Local Rules.

Respectfully submitted in San Juan, Puerto Rico, this 12th of September, 2025.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Ste.800
San Juan, PR  00918-1813
Telephone: (787) 764-8181
Facsimile: (787) 753-8944

*s/Carlos A. Valldejuly*
Carlos A. Valldejuly
USDC No. 209505
Email: carlos.valldejuly@oneillborges.com

*s/José J. Colón-García*
José J. Colón García
USDC No. 308010
Email: jose.colon@oneillborges.com

9

**GREENE ESPEL PLLP**
222 S 9th St., Suite 2200
Minneapolis, MN 55402
Telephone: (612) 373-0830

*s/X. Kevin Zhao*
X. Kevin Zhao (*pro hac vice*)
Email: kzhao@greeneespel.com

*s/Davida S. McGhee Williams*
Davida S. McGhee Williams (*pro hac vice*)
Email: dwilliams@greeneespel.com

*s/Erin Emory*
Erin Emory (*pro hac vice*)
Email: eemory@greeneespel.com

*Counsel for Defendant Medtronic Puerto Rico Operations Co.*


**MCCONNELL VALDES LLC**
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Tel: (787) 759-9292
Fax: (787) 759-8282

*s/ Antonio Arias Larcada*
Antonio Arias Larcada
USDC-PR No. 204906
aaa@mcvpr.com

*s/ Javier A. Aquino Vidal*
Javier A. Aquino Vidal
USDC-PR No. 308414
jav@mcvpr.com

*Counsel for Defendants Renewable Energy Alternatives LLC, CEN Juncos Solar, LLC and CEN Juncos Solar II, LLC*